# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

———————————

No. 2023-1217

———————————

## US SYNTHETIC CORPORATION,
*Appellant*, v.

## INTERNATIONAL TRADE COMMISSION,
*Appellee.*

———————————

Appeal from the United States International Trade Commission Investigation No. 337-TA-1236

———————————

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE BY INTERNATIONAL DIAMOND SERVICES, INC.

———————————

Adam R. Hess
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
adam.hess@squirepb.com

*Counsel for International Diamond Services, Inc.*

December 28, 2022

## I.    INTRODUCTION

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure, International Diamond Services, Inc. ("IDS") respectively moves for leave to intervene in this appeal in support of the appellee, the United States International Trade Commission ("ITC" or "Commission").  IDS should be permitted to intervene because it was a party before the Commission in Investigation No. 337-TA-1236, which is the subject of the appeal.

Pursuant to Federal Circuit Rule 27(a)(2), IDS discussed this motion with counsel for the Commission and counsel for US Synthetic Corporation.  Each indicated that it does not oppose this motion.

## II.    BACKGROUND

The ITC instituted Investigation No. 337-TA-1236, *Certain Polycrystalline Diamond Compacts, and Articles Containing Same*, on December 22, 2020, based on a Complaint filed by US Synthetic Corporation ("US Synthetic").  85 Fed. Reg. 68,366-68,367.  The Complaint alleged infringement of U.S. Patent Nos. 9,932,274 ("the '274 patent"), 10,508,502 ("the '502 patent"), 9,315,881 ("the '881 patent"), 10,507,565 ("the '565 patent") and 8,616,306 ("the '306 patent").

On October 3, 2022, the presiding Administrative Law Judge ("ALJ") issued the Commission Opinion, finding that no violation of Section 337 has occurred. Specifically, it asserted that claims 1, 2, 4, 6 and 18 of the '565 patent and claims 1,

2, 11, 15 and 21 of the '502 patent were invalid.  US Synthetic filed a petition for review on November 28, 2022.

## III.  ARGUMENT

Respondents in ITC proceedings are "entitled to participate in [the] appeal." *See Surface Tech., Inc. v. Int'l Trade Comm'n*, 780 F.2d 29, 31 (Fed. Cir. 1985) (permitting the prevailing respondents to intervene in the appeal and "raise any claim in support of the ITC's determination of no violation.").  Respondents are parties before the ITC and have a substantial interest in this appeal.

In its petition for review, US Synthetic challenges the ITC's Notice of a Commission Determination to Review in Part a Final Initial Determination Finding No Violation of Section 337; Schedule for Filing Written Submissions on Issues Under Review and on Remedy, Public Interest, and Bonding; Extension of Target Date issued in Investigation No. 337-TA-1236, and all underlying orders, judgments, rulings, and determinations rendered by the Commission and fairly merged into the determination or issued pursuant thereto.  In addition to the challenges identified by US Synthetic in its petition, the timing of its petition raises questions as to this Court's jurisdiction to address any merits issues in this appeal.  Each of these issues makes IDS' interests compelling, and those interests will be directly affected by the outcome of this appeal.  As a result, IDS should be permitted to participate in the consideration of those issues by the Court.

Moreover, IDS' participation in this appeal will ensure full evaluation of the relevant legal and factual issues, which will aid the Court in resolving this case. As a respondent in the Investigation before the Commission, IDS is uniquely situated to address the arguments on appeal, to support the Commission in defending its determinations identified in US Synthetic's petition for review, and to otherwise assist the Court by briefing and arguing the issues on appeal from IDS' perspective. No other party in this appeal will adequately represent IDS' interests.

## IV. CONCLUSION

For these reasons, IDS respectfully requests that the Court grant its unopposed motion for leave to intervene in this appeal.

Dated:  December 28, 2022

Respectfully submitted,

*/s/ Adam R. Hess*
Adam R. Hess
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
adam.hess@squirepb.com

*Counsel for International Diamond Services, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

|  |  |
|---|---|
| **Case Number** | 2023-1217 |
| **Short Case Caption** | US Synthetic Corporation v. ITC |
| **Filing Party/Entity** | International Diamond Services, Inc. |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 12/28/2022

Signature:  /s/ Adam R. Hess

Name:  Adam R. Hess

**FORM 9. Certificate of Interest**

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| International Diamond Services, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable            ☐   Additional pages attached

| | | |
|---|---|---|
| Adam R. Hess of Squire Patton Boggs (US) LLP | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐   None/Not Applicable            ☐   Additional pages attached

| | | |
|---|---|---|
| Case No. 4:20-cv-03973 US Synthetic Corporation v. Zhengzhou New Asia Superhard Materials CompositeCo., Ltd. et al; US District Court for the Southern District of Texas | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable            ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## CERTIFICATE OF SERVICE

I, Adam R. Hess, counsel for International Diamond Services, Inc. and a member of the Bar of this Court, certify that, on December 28, 2022, a copy of the attached Unopposed Motion for Leave to Intervene was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all counsel listed in the caption have been served via CM/ECF.

*/s/ Adam R. Hess*
Adam R. Hess

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  2023-1217

**Short Case Caption:**  US Synthetic Corporation v. ITC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  544  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 12/28/2022

Signature:  /s/ Adam R. Hess

Name:  Adam R. Hess