FORM 32. Response to Notice to Advise of Scheduling Conflicts                                    Form 32
                                                                                                  March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## RESPONSE TO NOTICE FO ADVISE OF SCHEDULING CONFLICTS

| | |
|---|---|
| **Case Number:** | 23-1217 |
| **Short Case Caption:** | US Synthetic Corp. v. ITC |
| **Party Name(s):** | Guangdong Juxin New Material Technology Co., Ltd.; Shenzhen Haimingrun Superhard Materials Co., Ltd.; Zhengzhou New Asia Superhard Material Composite Co., Ltd. |

**INFORMATION:** The court uses this form to determine whether and when to schedule cases for oral argument. Arguing counsel may be changed later, but a motion to reschedule is required once the court schedules argument. Please plan in advance to adhere to the limit on the number of arguing counsel in Fed. Cir. R. 34(e).

| |
|---|
| **Argument Waiver**   ☐  My party intends to waive oral argument. |
| NOTE: Filers checking this box must still complete the below sections. **The court may still schedule this case for oral argument even if any party intends to waive argument.** If scheduled, parties may still elect to waive argument using the response to notice of oral argument form. |
| **Other Parties Representing Interests**<br><br>☐ Counsel for another party will represent my party's interests at oral argument<br><br>NOTE: If this box is checked, skip the remaining sections. Any argument date will be selected based on conflict dates for counsel arguing on behalf of your party. |
| **Name of Expected Arguing Counsel**   \|   Theodore J. Angelis |

**Dates Unavailable**

Do you have dates of unavailability within the specific sessions identified by the court's Notice to Advise of Scheduling Conflicts in your case?

[x] Yes  [ ] No

If yes, attach a separate sheet listing up to ten dates of unavailability and include a statement showing good cause for each date. Dates without good cause or that do not pertain to arguing counsel (e.g., client conflicts) will not be accepted. The court will only accept dates for one counsel and only if that counsel has filed an entry of appearance. The Clerk's Office will evaluate and note accepted or rejected conflict dates; counsel may contact the Clerk's Office about re-filing if dates are rejected. See Fed. Cir. R. 34(d); Practice Notes to Rule 34.

**Potential Case Conflicts**

Are there other pending cases before this court (regardless of case status) in which expected arguing counsel in this case also expects to argue?

[x] Yes  [ ] No

If yes, attach a separate sheet listing those cases.

I certify the above information and any attached statement is complete and accurate. I further certify that I will update my notice should new conflicts arise or existing conflicts change.

Date: June 4, 2024          Signature: /s/ *Theodore J. Angelis*

                            Name: Theodore J. Angelis

No. 2023-1217

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

US SYNTHETIC CORP.,

*Appellant*

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*

SF DIAMOND CO., LTD., SF DIAMOND USA, INC., ILJIN DIAMOND CO., LTD., ILJIN HOLDINGS CO., LTD., ILJIN USA INC., ILJIN EUROPE GMBH, ILJIN JAPAN CO., LTD., ILJIN CHINA CO., LTD., INTERNATIONAL DIAMOND SERVICES, INC., ZHENGZHOU NEW ASIA SUPERHARD MATERIAL COMPOSITE CO., LTD., SHENZHEN HAIMINGRUN SUPERHARD MATERIALS CO., LTD., GUANGDONG JUXIN NEW MATERIAL TECHNOLOGY CO., LTD.,

*Intervenors*

Appeal from the United States International Trade Commission

Investigation No. 337-TA-1236

STATEMENT OF THEODORE J. ANGELIS
REGARDING SCHEDULING CONFLICTS

I, Theodore J. Angelis, declare as follows:

1.  I am a lawyer with K&L Gates LLP. I am counsel for Zhengzhou New Asia Superhard Material Composite Co., Ltd., Shenzhen Haimingrun Superhard Materials Co., Ltd., and Guangdong Juxin New Material

3

Technology Co., Ltd. I plan to present oral argument for all of the Intervenors.

2. I previously identified conflict dates, which the Court addressed. Good cause exists for identifying additional conflict dates, which include the Court's August 5-9 sitting dates. I have a family vacation scheduled, involving travel abroad, during those dates. I did not provide these dates with my earlier notice of conflicts because the family vacation was not previously booked. I just yesterday evening purchased tickets and made arrangements because I was only just able to confirm that discovery planned for that time could be rescheduled. In addition, the PTAB only recently granted our motion to move a hearing date into September from August, which cleared one of the conflicts that was preventing the scheduling of the family vacation.

3. In April, Counsel for Appellee ITC provided notice of a family vacation during the July hearing dates, and the Court determined there was good cause to accommodate those conflict dates. I respectfully ask the Court to reach the same conclusion here.

4. There are two additional, pending cases where I will present arguments:

- 2023-1095 – Realtek Semiconductor Corp. v. ITC

- 2023-1187 –Realtek Semiconductor Corp. v. ITC

I declare, under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Dated: June 4, 2024

Respectfully submitted,

/s/ *Theodore J. Angelis*
Theodore J. Angelis
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel: 206.623.7580
Fax: 206.623.7022
theo.angelis@klgates.com

Counsel for Zhengzhou New Asia Superhard Materials Co., Ltd., Zhuhai Juxin Technology, and Shenzhen Haimingrun Superhard Materials Co., Ltd.